```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

ONIL HERNANDEZ, ET AL.                      CIVIL ACTION

VERSUS                                      NUMBER: 06-9976

TUBOSCOPE VETCO INTERNATIONAL,              SECTION: "B"(5)
INC., ET AL.


REPORT AND RECOMMENDATION

In October of 2006, Onil Hernandez, one of the named plaintiffs herein, through counsel, filed a petition for damages in the Civil District Court for the Parish of Orleans in which he sought damages for his alleged workplace exposure to hazardous, toxic, and carcinogenic materials. (Rec. doc. 1). Named as defendants in the original petition were numerous corporate defendants, including BP Products, Chevron, Exxon, Shell, Conocophillips, and Marathon Oil Company. (Id.). Additional plaintiffs were joined via a supplemental and amended petition. (Id.) The matter was removed to this court on November 15, 2006.

(Id.)

On January 25, 2007, defendant, Dominion Exploration & Production, Inc., filed a motion for a more definite statement under Rule 12(e), Fed.R.Civ.P., arguing that plaintiffs' petition was lacking in the factual specificity that would allow it to file a meaningful answer. (Rec. doc. 48). Plaintiffs filed no opposition to Dominion's motion and on February 13, 2007, the Court granted the motion as unopposed, ordering plaintiffs to amend their pleadings on or before March 2, 2007, absent which it would be recommended that their lawsuit be dismissed for failure to prosecute. (Rec. doc. 63). As of today's date, plaintiffs have not amended their complaint as ordered by the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders. Markwall v. County of Bexar, 878 F.2d 899, 902 (5th Cir.

1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). As plaintiffs are represented by counsel in this matter, the Court must consider counsel's action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place plaintiffs' case in a proper posture to be litigated to its completion.  Unfortunately, those efforts have bene thwarted by the inaction of plaintiffs' counsel and his disregard of the Court's order.  The Court also notes that plaintiffs' sole remaining counsel has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E (see rec. docs. 29, 31-35, 40, 46, 47, 49, 62, 67, 68, 73-77) which provides an independent basis for the dismissal of this case under Local Rule 41.3.1E since no address correction has been made in the thirty days following the return of numerous pieces of undeliverable mail.  As there is no evidence that these failures are attributable to plaintiffs themselves, it will be recommended that their lawsuit be dismissed without prejudice under Rule 41(b), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiffs' suit be dismissed without prejudice pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  15th   day of _____March_____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE